USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
: 
UNITED STATES OF AMERICA :
:
      -against- :     21-CR-603 (VEC)
:
:     <u>ORDER</u>
:
PATRICK KHAZIRAN, :
                    Defendant. :
:
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on February 7, 2023, Patrick Khaziran ("Defendant") was sentenced principally to a term of imprisonment of thirty months following his guilty plea to conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, *see* Khaziran J., Dkt. 795; Khaziran Sentencing Tr., Dkt. 832;

       WHEREAS Defendant stipulated in his plea agreement that, pursuant to the U.S. Sentencing Guidelines (the "Guidelines"), his offense level was 19, criminal history category I, yielding a Guidelines range of thirty to thirty-seven months, *see* U.S. Sent'g Guidelines Manual [hereinafter "Guidelines"] ch. 5, pt. A (U.S. Sent'g Comm'n 2023);

       WHEREAS on November 15, 2023, Defendant moved for a sentence reduction pursuant to Amendment 821 to the Guidelines ("Amendment 821"), *see* Mot. Dkt. 1153, which went into effect on November 1, 2023, and which applies retroactively; *see* Guidelines §§ 1B1.10, 4A1.1(e), 4C1.1;

       WHEREAS on December 1, 2023, the United States Probation Department confirmed that Defendant is eligible to be considered for a sentence reduction because, at the time he was

1

sentenced, Defendant had no criminal history points and otherwise qualified for the so-called zero-point offender adjustment, see Probation Report, Dkt. 1191; Guidelines § 4C1.1;

WHEREAS application of the zero-point offender adjustment reduces Defendant's offense level from 19 to 17, see Probation Report at 3; Guidelines § 4C1.1 (reducing the offense level by two levels), and reduces the applicable Guidelines range from thirty to thirty-seven months to twenty-four to thirty months, see Probation Report at 4; Guidelines ch. 5, pt. A;

WHEREAS on December 13, 2023, the Government indicated that it consents to a reduction of Defendant's sentence to any sentence within the new Guidelines range, see Gov't Mem., Dkt. 1217;

WHEREAS when determining whether to reduce a defendant's term of imprisonment pursuant to Amendment 821, courts must consider the factors set forth under 18 U.S.C. § 3553(a) as well as the applicable Guidelines range; see 18 U.S.C. § 3582(c)(2); and

WHEREAS the Court has considered the record in this case, all of the § 3553 factors, and the Guidelines;

IT IS HEREBY ORDERED that Defendant's motion is DENIED. Defendant is eligible for the zero-point offender reduction pursuant to Amendment 821. See Probation Report at 2–4. For the reasons set forth at Defendant's sentencing, however, a term of imprisonment of 30 months — which is within the adjusted Guidelines range — remains appropriate. See United States v. Wilson, 716 F.3d 50, 52 (2d Cir. 2013) ("A retroactive amendment to the Guidelines 'merely authorizes a reduction in sentence; it does not require one.'" (quoting United States v. Rivera, 662 F.3d 166, 170 (2d Cir. 2011)); United States v. Johnson, No. 12-CR-261 (SJF), 2015 WL 5883955, at *5 (E.D.N.Y. Oct. 8, 2015) (declining to reduce a defendant's sentence despite

the defendant's eligibility for a sentence reduction pursuant to a Guidelines amendment "particularly [because] [the] defendant's sentence f[ell] within the amended Guidelines range").

Defendant urges the Court to reduce his sentence by six months primarily because he has been a "model inmate," promptly took responsibility for his actions, has strong family connections, and is unlikely to reoffend. *See* Mot. at 3–7. The Court commends Defendant for his good behavior and employment while incarcerated. *See* Probation Report at 4. Those factors are not enough, however, to justify a reduction of sentence in this case. *Cf. United States v. Gilliard*, No. 10-CR-1143 (RJS), 2015 WL 13647399, at *1 (S.D.N.Y. Oct. 20, 2015) (declining to reduce a defendant's sentence despite the defendant's eligibility for a sentence reduction pursuant to a Guidelines amendment and the Government's position that the defendant's "disciplinary records d[id] not counsel against a sentence reduction" because the issues identified by the Court at sentencing justified the existing sentence).

Although Defendant pled guilty pre-indictment, he only did so after he and his company had been served Grand Jury subpoenas, many of his co-conspirators had been arrested, and he had learned that certain co-conspirators were issuing fake invoices from his companies without paying him kickbacks. *See* Sentencing Tr. 15:2-5, 21:22–22:4, 23:11-16; Gov't Sentencing Submission, Dkt. 748, at 1–2; Def. Sentencing Submission, Dkt. 749, at 16–18. Defendant, therefore, waited until he was no longer reaping profits from the scheme, and until he must have known that the jig was up, to self-surrender.

Defendant's most similarly-situated co-conspirator who has been sentenced in this case is Dr. Aamir Wahab ("Dr. Wahab"). Dr. Wahab was sentenced to thirty-six months of imprisonment — a sentence six months longer than Defendant's. *See* Wahab J., Dkt. 1237. Although Dr. Wahab's Guidelines were somewhat longer than Defendant's (Dr. Wahab was not

a zero-point offender), in most other regards they were largely similar: both obtained a little under $500,000 in ill-gotten gains and both used their medical practices for fraudulent means. Dr. Wahab was somewhat more culpable because he induced one of his employees to participate in the fraud and because he has another criminal conviction. *See* Wahab Sentencing Tr., Dkt. 1240, at 24:22–25:14. Nevertheless, the Undersigned's evaluation of the § 3553 factors leads to the conclusion that medical professionals' participation in this scheme was particularly egregious and deserving of significant punishment, and that the conspirators who were medical professionals should receive roughly similar sentences. *See* Khaziran Sentencing Tr. 23:22–24:13.

The Court appreciates that Defendant has a family network and, hopefully, is unlikely to offend again. *See id.* 20:1-23, 24:14-16. None of that sufficiently mitigates the seriousness of Defendant's offense — especially given his status as a medical professional — or sufficiently alters the Court's analysis of the § 3553 factors to justify a sentence reduction. *See id.* 19:23–25:2. For all of those reasons, the Court denies Defendant's request for a sentence reduction.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to close the open motion at Docket Entry 1153.

**SO ORDERED.**

**Dated: January 17, 2024**
  **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**